MEMORANDUM *
Managed Protective Services, a limited conservator of Christopher Simpson, appeals the district court’s grant of summary judgment on Simpson’s excessive force and deliberate indifference claims. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part, reverse in part, and remand.
1. The district court erred in granting summary judgment to the defendants on Simpson’s excessive force claim on the basis of qualified immunity. Several important facts are disputed, including how long the officers left Simpson on the pavement and how many officers held him down. Those disputes extend to Simpson’s actions and as to whether any force or force to the extent of causing second-degree burns was reasonable under the circumstances. See Graham v. Connor, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). These factual disputes must be resolved by a jury before a conclusion can be drawn as to the reasonableness of the force under Graham. See Espinosa v. City & County of San Francisco, 598 F.3d 528, 532 (9th Cir.2010).
Moreover, the district court erred in examining solely “hot pavement” cases to determine whether the law was clearly established. That courts have resolved pri- or “hot pavement” cases differently is not dispositive; law can be “clearly established” even if “there was no case on all fours prohibiting .that particular manifestation of unconstitutional conduct.” Deorle v. Rutherford, 272 F.3d 1272, 1286 (9th Cir. 2001). Among other relevant principles, it was clearly established that the Fourth Amendment prohibits the continued use of force against an arrestee who is restrained and no longer resisting, see, e.g., LaLonde v. County of Riverside, 204 F.3d 947, 960-61 (9th Cir.2000), and that ignoring an arrestee’s complaints of pain violates the Fourth Amendment, see, e.g., Palmer v. Sanderson, 9 F.3d 1433, 1436 (9th Cir. 1993).
2. The district court did not err in granting summary judgment on Simpson’s deliberate indifference claim. An officer is “deliberately indifferent” if he “knows of and disregards an excessive risk to [detainee] health and safety.” Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir.2014) (citation omitted). Here, Simpson did not provide sufficient evidence that the officers had actual knowledge of his burns before they arrived at the jail and transported him to the hospital, or that they were aware of his mental health condition.
Each party shall bear its own costs.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.