**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 1 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROBERT STEVEN CUTLER, Individually, and as Administrator of the Estate of David A. Cutler, on behalf of himself and on behalf of all beneficiaries of estate of David A. Cutler deceased; David A. Cutler estate of Renee Luddington Cutler,

Plaintiff-Appellant,

v.

CHRISTOPHER NANOS, Sheriff of Pima County, Arizona, in his official capacity,; et al.,

Defendants-Appellees,

and

RURAL/METRO FIRE DEPT., INC., an Arizona for profit corporation; et al.,

Defendants.

No.    21-16250

D.C. No. 4:18-cv-00383-JCH

MEMORANDUM[*]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the District of Arizona
John Charles Hinderaker, District Judge, Presiding

Submitted May 19, 2022[**]
Pasadena, California

Before: OWENS and BRESS, Circuit Judges, and FITZWATER,[***] District Judge.

Robert Steven Cutler ("Cutler"), individually and as administrator of the estate of his deceased son, David A. Cutler ("David"), appeals the summary judgment dismissing Cutler's claims against Defendants-Appellees Sheriff Christopher Nanos and Deputy Keith Barnes ("Deputy Barnes"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Because the parties are familiar with the facts and procedural history of this case, we need not recount them here.

1.      Cutler has waived on appeal all arguments except those related to his Fourteenth Amendment claims against Deputy Barnes under 42 U.S.C. § 1983 for

---

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

excessive force[1] and deliberate indifference to David's medical needs and his challenge to Deputy Barnes's defense of qualified immunity. *See United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005) ("Generally, an issue is waived when the appellant does not specifically and distinctly argue the issue in his or her opening brief."). Defendant Nanos is mentioned three times in Cutler's opening brief, and never in the context of an appellate argument. And Cutler's argument addressed to Deputy Barnes does not discuss his Eighth Amendment claim.[2] Cutler's contrary arguments in his reply brief cannot overcome his failure to raise these arguments in his opening brief.

2. We review de novo the district court's grant of summary judgment based on qualified immunity. *Prison Legal News v. Lehman*, 397 F.3d 692, 698 (9th Cir. 2005). To determine "whether an officer is entitled to qualified immunity, we consider (1) whether there has been a violation of a constitutional right; and (2)

---

[1] In his opening brief, Cutler exclusively discusses the excessive force claim in the context of the Fourteenth Amendment. But this claim, when asserted on David's behalf rather than as a familial relations claim, arises under the Fourth Amendment, not the Fourteenth Amendment. *See Zion v. Cnty. of Orange*, 874 F.3d 1072, 1077 (9th Cir. 2017). Whether this claim is analyzed under the Fourth or Fourteenth Amendment, however, does not impact our holding.

[2] Even if Cutler had not waived the Eighth Amendment claim that he asserts on David's behalf, the district court properly granted summary judgment dismissing this claim because the Eighth Amendment applies only to convicted prisoners. *See Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001).

whether that right was clearly established at the time of the officer's alleged misconduct." *Lal v. California*, 746 F.3d 1112, 1116 (9th Cir. 2014). We exercise our discretion to resolve this case on the second prong. *See id.*; *O'Doan v. Sanford*, 991 F.3d 1027, 1036 (9th Cir. 2021).

"A Government official's conduct violates clearly established law when, at the time of the challenged conduct, 'the contours of a right are sufficiently clear' that every 'reasonable official would have understood that what he is doing violates that right.'" *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (alterations omitted) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). Cutler primarily relies on an unpublished district court opinion—*Kinney v. Brazelton*, No. 1:14-cv-00503-AWI-MJS (PC), 2016 WL 4417690 (E.D. Cal. Aug. 18, 2016), *rec. adopted*, 2016 WL 8731197 (E.D. Cal. Sept. 23, 2016), and an unpublished opinion of this court, *Managed Protective Services, Inc. v. City of Mesa*, 654 F. App'x 276 (9th Cir. 2016)—to argue that Deputy Barnes violated David's clearly established constitutional rights. The facts of *Kinney* and *Managed Protective Services* are distinguishable from the present case, however, because they involve individuals who were forced to remain on hot surfaces even after they had clearly expressed that they were in pain and had stopped resisting the government officials. *See Kinney*, 2016 WL 4417690, at *3; *Managed Prot. Servs.*, 654 F. App'x at 277. Moreover, none of

the cases on which Cutler relies can be considered "cases of controlling authority" or a "'consensus' of persuasive authorities" at the relevant level of specificity. *J. K. J. v. City of San Diego*, 17 F.4th 1247, 1259 (9th Cir. 2021) (quoting *Evans v. Skolnik*, 997 F.3d 1060, 1066 (9th Cir. 2021)); *see also Hines v. Youseff*, 914 F.3d 1218, 1230 (9th Cir. 2019) (rejecting argument that several memorandum dispositions were controlling authority and that unpublished district court opinions constituted a consensus of persuasive authorities).

Because Cutler has not met his burden of establishing that David's rights were clearly established, the district court did not err by granting summary judgment in Deputy Barnes's favor based on qualified immunity.

**AFFIRMED**.